A. F. REES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41138.   Promulgated December 15, 1930.

*Harry Sigmond, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

SEAWELL: The Commissioner disallowed the entire amount of $10,400 ($200 per week) claimed by the petitioner as a deduction from gross income in each of the years before us on the ground that it was in the nature of an estimate for which no detailed records were kept, though it is not understood that he contends that any of the purposes for which the petitioner testified he expended the amounts in question were not within the category of those items for which an expense deduction is ordinarily allowable. The statute provides (section 214 (a) (1) of the Revenue Act of 1924) as follows:

In computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *

What the Commissioner says in effect is that an allowance under the foregoing provision is limited by section 1002 (a) of the Revenue Act of 1924, which provides that:

Every person liable to any tax imposed by this Act, or for the collection thereof, shall keep such records, render under oath such statements, make such returns, and comply with such rules and regulations, as the Commissioner, with the approval of the Secretary, may from time to time prescribe.

Pursuant to the above provision, article 1321 of Regulations 65 was promulgated, which reads in part as follows:

In assessing and collecting income taxes the Commissioner has the benefit of all existing internal revenue laws in so far as such laws are applicable. As an aid in assessing and collecting the tax the Commissioner may require any person liable to tax to keep specific records, render under oath such statements and returns, and comply with such rules and regulations as the Commissioner with the approval of the Secretary may prescribe. In accordance with this provision, every taxpayer carrying on the business of producing, manufacturing, purchasing, or selling any commodities or merchandise, except the business of growing and selling products of the soil, shall for the purpose of determining the amount of income under the Revenue Act of 1924 keep such permanent books of account or records, including inventories, as are necessary to establish the amount of gross income and deductions, credits, and other information required by an income tax return.

*　　*　　*　　*　　*　　*　　*

Further, article 24 of Regulations 65 provides that:

It is recognized that no uniform method of accounting can be prescribed for all taxpayers, and the law contemplates that each taxpayer shall adopt such forms and systems of accounting as are in his judgment best suited to his purpose. Each taxpayer is required by law to make a return of his true income. He must, therefore, maintain such accounting records as will enable him to do so. * * *

But we do not understand the foregoing requirements to mean that the failure to record a given expense item is necessarily fatal to its allowance as a deduction any more than the failure to record an item of income would exempt it from taxation. Certainly, the Commissioner would not hesitate to tax an item of the latter class and we think it is likewise true that where it is conclusively shown that an expense has been incurred or paid, which would be deductible if properly recorded, the lack of recordation should not prevent its deductibility. Whether or not a given expenditure has been made and for what purpose are questions of fact, the burden of answering which rests upon the taxpayer, and such questions are more readily answered where proper records are kept. And we would not for a moment minimize the importance of the requirement in the statute and the regulations promulgated thereunder that records be kept; they are necessary for the orderly administration of the income-tax statutes. But we find nothing so mandatory in such statute and regulations that would preclude consideration being given to items which are not properly recorded in the records as kept.

The petitioner at bar did keep records, but failed to account properly therein for the traveling expenses here in question. He, however, testified in the most positive and unequivocal manner to the fact that he withdrew $200 each week during the year from his business for the purpose of meeting his traveling expenses and that he expended in excess of the amount so withdrawn during each year for purposes which, in our opinion, are well within the category of ordinary and necessary expenses as contemplated by the statute. This testimony was in no way impeached or discredited on cross-examination or otherwise, and therefore, in our opinion, must be taken as having established the fact that the expenditures were made and for the purposes as stated above. As the court said in *Boggs & Buhl* v. *Commissioner of Internal Revenue*, 34 Fed. (2d) 859:

* * * A jury, commission, or board may not arbitrarily ignore or discredit the testimony of unimpeached witnesses, so far as they testify to facts, and a wilful disregard of such testimony will be ground for a new trial; but the rule is different when witnesses testify merely as to their opinion. * * *

We are accordingly of the opinion that the deductions claimed of $10,400 for traveling expenses in each of the years here involved

702

should be allowed. *Max Blitzer*, 3 B. T. A. 696; *Julius Forstmann*, 6 B. T. A. 21; and *Leon Oppenheimer*, 7 B. T. A. 1156. All of the foregoing cases have been acquiesced in by the Commissioner, and present situations closely analogous to the one at bar. See also *Cohan* v. *Commissioner of Internal Revenue*, 39 Fed. (2d) 540. While these cases all arose under either the Revenue Act of 1918 or 1921, whereas the present case arises under the Revenue Act of 1924, the controlling statutes in all instances are practically identical. The principal difference in these situations from the one at bar is the fact that under the 1924 Act the Commissioner has required that more detailed records be kept than he had theretofore prescribed. For reasons heretofore stated, we do not think this precludes the allowance of the deductions here claimed.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

LANSDON, SMITH, ARUNDELL, and MURDOCK concur in the result only.